IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, #K91046, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00394-NJR ) |
| MENARD CORRECTIONAL CENTER, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), filed a Motion for Preliminary Injunction and/or Protective Order. (Doc. 1). The Motion is now before the Court and, for the reasons stated below, the request for preliminary injunction and protective order is **DENIED without prejudice**.

First, this action has not been properly initiated. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. No complaint has been filed, and the instant filing cannot be considered an adequate complaint. Specifically, the filing does not name a party who is capable of being sued in a Section 1983 action for alleged violations of constitutional rights. And the only named defendant is Menard, which is a division of the Illinois Department of Corrections, a state government agency not subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Further, the filing fails to include a specific request for relief. Rule 8(a)(3) requires "[a] pleading that states a claim for relief must contain . . . a demand for the relief

sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8. While *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Additionally, a party initiating civil litigation is required to either pay the filing fee or file a motion requesting *in forma pauperis* status. Daniels has done neither.

Furthermore, the Motion fails to establish that preliminary injunctive relief and/or a protective order is warranted because: (1) there is no proper defendant for a claim of injunctive relief or a protective order; (2) there is insufficient information to determine whether Daniels faces irreparable harm without relief; and (3) the Motion fails to specify any act or acts to be restrained or required. Daniels seeks an injunction holding that he is "in harm[s] way" due to "routine abusive treatment [he] have filed to this Court in the past and to this date." (Doc. 1, pp. 5-6). He alleges he will suffer irreparable harm and injury if an injunction is not granted but does not describe any specific harm or injury. (Doc. 1, pp. 3-4). Although he alleges he has been refused yard, showers, legal calls, e-file by the law library, and transfer from Menard, he does not state when (other than after August 2018) or by who. (Doc. 1, pp. 3, 6). Similarly, he alleges he has been called racist names and assaulted but references only one incident involving two correctional officers on November 30, 2018. (Doc. 1, pp. 3, 7). Accordingly, even if this case had been properly initiated, Daniels would not be entitled to preliminary injunctive relief and/or a protective order based on the allegations in his Motion.

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction and/or Protective Order (Doc. 1) is **DENIED without prejudice**. This action **will be dismissed** unless a complaint is filed by **May 10, 2018**. Further, with the filing of a complaint, the full filing fee of $400.00 must be paid or a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") filed along with a

certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action. Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b). To enable Daniels to comply with this Order, the Clerk is **DIRECTED** to provide him with both a complaint form appropriate to a 42 U.S.C. § 1983 action and a blank form IFP motion.

Finally, Daniels is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 12, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**