# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, #K91046, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00394-NJR ) |
| DUMSDORFF, and MILLS, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), recently filed a Notice to the Court (Doc. 6), which the Court construes as a request for preliminary injunctive relief. For the reasons stated below, the request is denied.

Plaintiff initiated this action with a Motion for Preliminary Injunction and/or Protective Order. (Doc. 1). The motion was denied without prejudice because the action had not been properly initiated, and the allegations were insufficient to warrant the relief requested. (Doc. 3). Plaintiff was notified that this action would be dismissed unless a complaint was filed by May 10, 2019. *Id.* Also, with the filing of a complaint, Plaintiff was advised to pay the full filing fee of $400.00 or file a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion"). *Id.* He was further warned that failure to do so would result in dismissal of this action under Federal Rule of Civil Procedure 41(b). *Id.*

Subsequently, Plaintiff filed a Complaint (Doc. 4) and a Notice to the Court (Doc. 5). He did not, however, pay the filing fee or file an IFP motion. The Complaint, against Menard

1

correctional officers Dumsdorff and Mills, alleges use of excessive force on November 30, 2019, and seeks monetary damages. (Doc. 4) The Complaint does not include a request for injunctive relief. *Id.* In the Notice to the Court, Plaintiff states he had prepared a Complaint, but it had not been mailed by Menard officials and, therefore, he had prepared and filed a "Second Complaint." (Doc. 5, pp. 1-2).

In Plaintiff's second Notice to the Court, construed as a request for preliminary injunctive relief, he seeks "to be removed from Menard." (Doc. 6, p. 2). He alleges retaliation by "Menard Correctional Center Defendants" after the filing of this action including his "water and toilet was cut off," he has been "receiving dead animals on [his] food tray," and he has been threatened daily. (Doc. 6, pp. 1-2). He also alleges that he has been refused food trays, yard, showers, legal calls, and transfer from Menard in retaliation to another lawsuit he filed. (Doc. 6, p. 2). Plaintiff's request for preliminary injunctive relief based on substandard conditions of confinement and retaliation claims against defendants who are not parties in this action seeks relief outside the scope of the Complaint. "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). The request will, therefore, be denied.

If Plaintiff wishes to pursue the unrelated claims alleged in the second Notice to the Court, he must do so by filing a separate case under 28 U.S.C. § 1983. The Court states no opinion on the merits of any such claims. If he chooses to file such claims, he is warned that any Section 1983

2

claims would be subject to the normal rules and consequences attendant to Section 1983 litigation including payment of the $400 filing fee and a general prohibition against the filing of frivolous claims. Further, Plaintiff would have to exhaust his administrative remedies as to the claims prior to filing suit as exhaustion is a *prerequisite* to filing suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

For these reasons, the request for preliminary injunctive relief (Doc. 6) is **DENIED** without prejudice to refiling at a later date. Plaintiff is reminded that he must pay the full filing fee of $400.00 or file a Motion for Leave to Proceed *In Forma Pauperis* along with a certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action by **May 10, 2019**. Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 1, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**