# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, #K91046, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00394-NJR ) |
| DUMSDORFF, et al. | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), filed a Notice to the Court (Doc. 17), which the Court construes as a request for preliminary injunctive relief. For the reasons stated below, the request is denied.

In his Notice to the Court, Daniels alleges the following: His life is in danger and his grievances are being ignored. He received a false disciplinary ticket from D. Brandt on July 7, 2019, which was the day he was scheduled to leave solitary confinement. The ticket is "routine harassment" to keep him in isolation in retaliation for lawsuits he has filed. D. Brandt told him the ticket was saving his life because he is a stool pigeon and will be killed when he is released from segregation. After that incident, several prison guards and inmates have told him he is dead when he is released to general population for telling on a high-ranking gang member who stabbed him. He did not tell on the inmate, but internal affairs and prison guards are spreading that rumor in retaliation for a lawsuit that he won.

Additionally, Daniels was placed in a cell covered in feces and urine. He contends punishing incarcerated individuals with isolation (i.e. solitary confinement, disciplinary segregation, administrative detention) causes physical and psychological harm.

Plaintiff does not request any particular action by the Court in his Notice. To the extent he is seeking some type of injunctive relief, the claims pertain to individuals who are not parties in this action and the incidents described are outside the scope of the Complaint. Plaintiff's Complaint in this case against Menard correctional officers Dumsdorff and Mills alleges use of excessive force on November 30, 2018, and seeks monetary damages. (Doc. 4) The Complaint does not include a request for injunctive relief. *Id.* "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). The request will, therefore, be denied.

If Plaintiff wishes to pursue the unrelated claims alleged in the Notice to the Court, he must do so by filing a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claims. If he chooses to file such claims, he is warned that any Section 1983 claims would be subject to the normal rules and consequences attendant to Section 1983 litigation including payment of the $400 filing fee and a general prohibition against the filing of frivolous claims. Further, Plaintiff would have to exhaust his administrative remedies as to the claims prior to filing suit as exhaustion is a *prerequisite* to filing suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wisconsin Dep't of Corr,*, 182 F.3d 532, 535 (7th Cir. 1999).

For these reasons, to the extent the Notice to the Court (Doc. 17) requests preliminary injunctive relief, it is **DENIED** without prejudice

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 24, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**