# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, #K91046, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00394-NJR ) |
| DUMSDORFF, and MILLS, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts Eighth Amendment claims against Defendants and seeks monetary damages. (Doc. 4).

This case is now before the Court for preliminary review of the Complaint[1] pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff filed a "Second Complaint" (Doc. 4) because his original Complaint was not mailed by Menard officials. The Court will review the "Second Complaint" as the original Complaint in this matter.

## The Complaint

In his Complaint, Plaintiff makes the following allegations: Plaintiff was assaulted on November 30, 2018. (Doc. 4, p. 3). Before and after he was assaulted, he was threatened and called racist names by prison guards Dumsdorff and Mills. (*Id.*). Additionally, he was refused yard, showers, legal calls, and food trays. (*Id.*).

On the date of the assault, Dumsdorff came to Plaintiff's cell and told him to cuff up to be taken on call pass for clothing for a court writ. (Doc. 4, p. 3). After Plaintiff cuffed up, Dumsdorff stated that he and Mills were going to "play like your door is broken so we can burn you on your call pass." (Doc. 4, p. 4). Dumsdorff made a racist comment and referenced a lawsuit filed by Plaintiff. (*Id.*). Dumsdorff and Mills then pretended the cell door would not open. (*Id.*). Dumsdorff told Plaintiff to uncuff, uncuffed his right wrist, and then yanked his still handcuffed left hand through the chuck hole. (*Id.*). Dumsdorff twisted and pulled his hand trying to break it while calling him racist names. (*Id.*). Mills also made racist comments and told Dumsdorff to break Plaintiff's wrist. (*Id.*)

The cell house Lieutenant came to Plaintiff's cell, and Plaintiff informed him of the assault and racist name calling by Dumsdorff and Mills. (Doc. 4, p. 5). The Lieutenant told him Dumsdorff and Mills would not handle his call pass. (*Id.*). An unknown guard took him on call pass. (*Id.*). After call pass, Plaintiff was again assaulted while handcuffed by unknown guards. (*Id.*). He was then placed in a cell with no working water or toilet until the day of his court writ. (*Id.*). He was also denied medical attention for his injured left wrist. (*Id.*)

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment excessive force claim against Defendants Dumsdorff and Mills for assaulting Plaintiff on November 30, 2018.**

Count 2: Eighth Amendment claim against Defendants Dumsdorff and Mills for threatening Plaintiff and making racist comments before and after November 30, 2018.

Count 3: Eighth Amendment claim for the second assault on November 30, 2018.

Count 4: Eighth Amendment conditions of confinement claim for being denied yard, showers, legal calls, and food trays before the assaults on November 30, 2018.

Count 5: Eighth Amendment conditions of confinement for being placed in a cell with no working water or toilet after the assaults on November 30, 2018.

Count 6: Eighth Amendment deliberate indifference claim based on denial of medical care for Plaintiff's injured left wrist after the assaults on November 30, 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

## Discussion

*Count 1*

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). An Eighth Amendment

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

claim may be stated where a guard incites an assault. *McClanahan v. Butler*, No. 16-CV-340-SMY, 2016 WL 4154910, at *3 (S.D. Ill. Aug. 5, 2016) (citing *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him")). Further, a guard may be held liable where he witnesses an incident of excessive force against a prisoner, but fails to intervene to stop the unconstitutional conduct. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987). The Complaint sets forth sufficient allegations to proceed on the Eighth Amendment excessive force claim in Count 1 against Defendants Dumsdorff and Mills.

*Count 2*

In general, allegations of verbal abuse and threats are insufficient grounds for relief under Section 1983. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal harassment that causes psychological pain may amount to cruel punishment under the Eighth Amendment. *Beal*, 803 F.3d at 357-58. Plaintiff does not describe psychological pain or the type of verbal harassment sufficient to constitute cruel punishment. Count 2 will, therefore, be dismissed without prejudice.

*Counts 3, 4, 5, and 6*

The allegations that form the basis for the claims in Counts 3, 4, 5, and 6 are not attributed to the named Defendants in this case. In fact, the allegations are not attributed to any individual.

4

To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Accordingly, counts 3, 4, 5, and 6 are dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Defendants Dumsdorff and Mills. Counts 2, 3, 4, 5, and 6 are **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendants Dumsdorff and Mills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 26, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**