**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRIAN DANIELS, #K91046,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 19-cv-00394-RJD** |
| **DUMSDORFF, and MILLS,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Based on the allegations in the Complaint, the Court designated the following claims from Plaintiff's original complaint:

Count 1: Eighth Amendment excessive force claim against Defendants Dumsdorff and Mills for assaulting Plaintiff on November 30, 2018.

Count 2: Eighth Amendment claim against Defendants Dumsdorff and Mills for threatening Plaintiff and making racist comments before and after November 30, 2018.

Count 3: Eighth Amendment claim for the second assault on November 30, 2018.

Count 4: Eighth Amendment conditions of confinement claim for being denied yard, showers, legal calls, and food trays before the assaults on November 30, 2018.

Count 5: Eighth Amendment conditions of confinement for being placed in a cell with no working water or toilet after the assaults on November 30, 2018.

    Count 6: Eighth Amendment deliberate indifference claim based on denial of medical care for Plaintiff's injured left wrist after the assaults on November 30, 2018.

Following review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed only on Count 1 and Counts 2-6 were dismissed.

The Court entered an Initial Scheduling and Discovery Order which provided that Plaintiff shall have until January 6, 2020, to file a motion for leave to amend the complaint to include any additional claims or parties. (Doc. 27). Plaintiff filed a timely Motion for Leave to File Amended Complaint (Doc. 14) and a proposed Amended Complaint seeking to add claims and defendants.

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) also provides that "the court should freely give leave when justice so requires." Nonetheless, the Amended Complaint is still subject to review under 28 U.S.C. § 1915A.[1] Accordingly, prior to granting leave to amend, the Court will screen the proposed Amended Complaint.

**The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint: Plaintiff alleges that there is a history of him being assaulted while in handcuffs and being called racist names. He alleges he was transferred to Menard on August 1, 2018 by IDOC Director Baldwin and the Transfer Coordinator, John/Jane Doe, for retaliatory purposes. He was placed in a cell that was sealed off from "air intake" with no working vents and refused his fan. The temperatures were

[1] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

over 100 degrees.  He was also refused boxers, t-shirts, socks, wash cloths, soap, toothpaste, and sheets. He was forced to endure these conditions for 50 days.

Plaintiff filed an emergency grievance with Warden Lashbrook but never received a response. He also sent letters to IDOC Director Baldwin and the John/Jane Doe Transfer Coordinator.  Two unknown internal affairs staff members came to his cell and told him  that if he came out of his cell and reported any Menard staff members, they would spread the word that he was an informant and he would be killed.  Plaintiff reported the threat to Warden Lashbrook and IDOC Director Baldwin.

Plaintiff continued to write grievances and letters to Warden Lashbrook and IDOC Director Baldwin of the threats, racist name calling, refusal of yard and showers, and refusal of food trays before he was assaulted by Dumsdorff and Mills and called racist names by Mills.  He was refused responses to his grievances and refused another interview with internal affairs.  Because the grievances and letters were ignored, he was assaulted on November 30, 2018.

Before and after the assault on November 30, 2018, Plaintiff was threatened and called racist names by prison guards Dumsdorff and Mills. On the date of the assault, Dumsdorff came to Plaintiff's cell and told him to cuff up to be taken on call pass for clothing for a court writ. After Plaintiff cuffed up, Dumsdorff stated that he and Mills were going to "play like your door is broken so we can burn you on your call pass."  Dumsdorff made a racist comment and referenced a lawsuit filed by Plaintiff. Dumsdorff and Mills then pretended the cell door would not open. Dumsdorff told Plaintiff to uncuff, uncuffed his right wrist, and then yanked his still handcuffed left hand through the chuck hole. Dumsdorff twisted and pulled his hand trying to break it while calling him racist names. Mills also made racist comments and told Dumsdorff to break Plaintiff's wrist.

The cell house Lieutenant came to Plaintiff's cell, and Plaintiff informed him of the assault and racist name calling by Dumsdorff and Mills. The Lieutenant told him Dumsdorff and Mills would not handle his call pass.

Based on the allegations in the Amended Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment excessive force claim against Defendants Dumsdorff and Mills for assaulting Plaintiff on November 30, 2018.**

**Count 2:** **Eighth Amendment claim against Defendants Dumsdorff and Mills for threatening Plaintiff and making racist comments before and after November 30, 2018.**

**Count 3:** **First Amendment retaliation claim against Baldwin and John/Jane Doe Transfer Coordinator for a retaliatory transfer to Menard.**

**Count 4:** **Eighth Amendment conditions of confinement claim for Plaintiff's placement in a cell with no ventilation and extreme temperatures and being refused boxers, t-shirts, socks, wash cloths, soap, toothpaste, and sheets for 50 days.**

**Count 5:** **First Amendment retaliation claim against Lashbrook, Baldwin, and John/Jane Doe Transfer Coordinator for their involvement in having two unknown internal affairs staff members threaten Plaintiff if he were to report any Menard staff members.**

**Count 6:** **Eighth Amendment conditions of confinement claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was denied yard, showers, legal calls, and food trays by Dumsdorff and Mills before the assaults on November 30, 2018.**

**Count 7:** **Eighth Amendment failure to protect claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was being threatened by Dumsdorff and Mills prior to the assaults on November 30, 2018.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## Discussion

***Count 1***

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). An Eighth Amendment claim may be stated where a guard incites an assault. *McClanahan v. Butler*, No. 16-CV-340-SMY, 2016 WL 4154910, at *3 (S.D. Ill. Aug. 5, 2016) (citing *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him")). Further, a guard may be held liable where he witnesses an incident of excessive force against a prisoner, but fails to intervene to stop the unconstitutional conduct. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987). The Complaint sets forth sufficient allegations to proceed on the Eighth Amendment excessive force claim in Count 1 against Defendants Dumsdorff and Mills.

***Count 2***

In general, allegations of verbal abuse and threats are insufficient grounds for relief under

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal harassment that causes psychological pain may amount to cruel punishment under the Eighth Amendment. *Beal*, 803 F.3d at 357-58. Plaintiff does not describe psychological pain or the type of verbal harassment sufficient to constitute cruel punishment. Count 2 will, therefore, be dismissed without prejudice.

***Count 3***

To establish a claim of retaliation for exercising free speech, an inmate must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

Here, Plaintiff makes only a bare accusation that he was transferred back to Menard on August 1, 2018 for retaliatory purposes by IDOC Director John Baldwin and John/Jane Doe transfer coordinator. Plaintiff has not alleged what conduct he engaged in to spur the transfer, and the Court is unable to infer what First Amendment activity Plaintiff may have engaged in on which he relies for this claim. Accordingly, Count 3 will be dismissed without prejudice.

***Count 4***

The allegations that form the basis of this claim are not attributed to any particular individual, including any named Defendant. To state a § 1983 claim against an individual or entity,

Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55 (2007); FED. R. CIV. P. 8(a)(2). Accordingly, Count 4 is dismissed without prejudice.

***Count 5***

As the basis of this claim, Plaintiff alleges that due to his filing of an emergency grievance to Lashbrook to which he never received any response, and submission of letters to Director Baldwin and the transfer coordinator, two unknown internal affairs staff members came to his cell and told Plaintiff if he reported any staff members that work at Menard they were going to tell other inmates Plaintiff is a "stool pigeon" so he can be killed. As a result of this threat, Plaintiff alleges he was forced to stay in his cell so Defendant would not think he was refusing to cooperate.

As set forth above, to establish a claim of retaliation for exercising free speech, an inmate must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

Plaintiff's allegations against Defendants Lashbrook, Baldwin, and the unknown transfer coordinator fail to state a claim. Specifically, Plaintiff's complaint fails to connect the named Defendants to the internal affairs officers' threats, which the Court presumes is the alleged deprivation. Indeed, there is no allegation that Defendants themselves engaged in any Plaintiff action against Plaintiff. Plaintiff also does not allege that his protected activity was "at least a motivating factor" in Defendants' decision to retaliate. For these reasons, Count 5 is dismissed without prejudice.

***Count 6***

Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement, including the provision of adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Courts evaluating claims of unconstitutional conditions of confinement must consider: (1) whether the defendant prison officials acted with the requisite state of mind (the subjective component) and (2) whether the alleged deprivations were sufficiently serious to rise to the level of a constitutional violation (the objective component). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The allegations in the proposed complaint, along with the attached exhibits, are sufficient to state an Eighth Amendment conditions of confinement claim against Defendants Lashbrook and Baldwin. Plaintiff alleges these Defendants were notified of issues concerning the denial of yard, showers, legal calls, and food trays, but failed to take any action. Because the conditions of which Plaintiff complained may rise to the level of a constitutional violation, Plaintiff will be allowed to proceed on Count 6 against Defendants Lashbrook and Baldwin.

***Count 7***

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). Similarly, the Eighth Amendment imposes duties on prison officials who must provide humane conditions of confinement and must "take reasonable measures to guarantee the safety of inmates." *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). In order to state a § 1983 claim against prison officials for failure to protect, a plaintiff must establish: (1) that he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) that the

defendants acted with "deliberate indifference" to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834)).

The allegations in the proposed complaint, along with the attached exhibits, are sufficient to state an Eighth Amendment failure to protect claim against Defendants Lashbrook and Baldwin. Plaintiff alleges these Defendants were notified of threats made by Dumsdorff and Mills prior to the assaults that occurred on November 30, 2018, and failed to take action. Acordingly, Plaintiff will be allowed to proceed on Count 7 against Defendants Lashbrook and Baldwin.

## Disposition

IT IS HEREBY ORDERED that, pursuant to Rule 15, and after reviewing the Amended Complaint, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 28) is **GRANTED IN PART**. The Clerk of Court is **DIRECTED** to docket Plaintiff's proposed Amended Complaint as the Amended Complaint in this action. Although the entirety of Plaintiff's Amended Complaint will be filed, he will only be proceeding on Counts 1, 6, and 7, as described above.

**IT IS HEREBY ORDERED** that Count 1 will proceed against Defendants Dumsdorff and Mills. Counts 2, 3, 4, and 5 are **DISMISSED** without prejudice. Counts 6 and 7 will proceed against Defendants Baldwin and Lashbrook.

The Clerk of Court shall prepare for Defendants John Baldwin and Jacqueline Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that

defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2020**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**