IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   19-cv-394-RJD |
| ) | |
| ANDREW DUMSTORFF, JOHN MILLS, ) | |
| JOHN BALDWIN, and JACQUELINE ) | |
| LASHBROOK, ) | |
| ) | |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment on Exhaustion filed by Defendants Andrew Dumstorff and John Mills (Doc. 34).  For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Darrian Daniels, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Plaintiff is proceeding in this action on the following claims set forth in his Amended Complaint (Doc. 42).

Count One: Eighth Amendment excessive force claim against Defendants Dumstorff and Mills for assaulting Plaintiff on November 30, 2018.

Count Six: Eighth Amendment conditions of confinement claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was denied yard, showers, legal calls, and food trays by Dumstorff and Mills before the assaults on November 30, 2018.

Count Seven: Eighth Amendment failure to protect claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was being threatened by

Dumstorff and Mills prior to the assault on November 30, 2018.

Defendants Dumstorff and Mills filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 34). In support of their motion, Defendants submit the declaration of Travis Baker, a Chairperson on the Administrative Review Board ("ARB"). Baker asserts that a review of the ARB's records for grievances submitted by Plaintiff related to this lawsuit revealed only one, dated October 30, 2019 (Doc. 34-1 at 1-5). In this grievance, Plaintiff makes general complaints that the Warden, IDOC Director, Transfer Coordinator, and Internal Affairs have been deliberately indifferent to unconstitutional treatment. Plaintiff mentions being assaulted three times since August 2018, and indicates Officer Dumstorff refused to provide several food trays. Plaintiff also complains that he has been refused yard, shower, legal calls, and received false disciplinary reports. This grievance was received by the ARB on November 14, 2019, and returned without a decision on the merits on November 19, 2019. Plaintiff's grievance was returned because there were no dates that fell within the timeframe in which Plaintiff could timely file a grievance. Accordingly, Defendants argue this grievance was not exhausted and, even if it was, they were not named or identified, as required under the Illinois Administrative Code.

In response to Defendants' motion, Plaintiff asserts his October 30, 2019 grievance referenced by Defendants was directed only at the Warden, the IDOC Director, and the Transfer Coordinator. Plaintiff asserts he sent a properly filed grievance to the counselor at Menard on November 30, 2018 referencing Defendants Dumstorff and Mills, but it was ignored. Plaintiff explains he later sent a copy of his November 30, 2018 grievance to the Grievance Officer and received it back with a "received" stamp dated December 13, 2018. Plaintiff attached a copy of this grievance to his response. Plaintiff explains he had to write this grievance on loose-leaf paper

rather than a grievance form because the gallery officer and counselor refused to provide him with a form. In this grievance, Plaintiff writes that he is complaining about Dumstorff (incorrectly spelled Dumsdorff) and Mills for intentionally violating Plaintiff's constitutional rights. Plaintiff's grievance sets forth the allegations against Dumstorff and Mills in his complaint. Plaintiff asserts this was not a proper response to his grievance and he states that he subsequently filed another grievance complaining about this response that was ignored.

Per order of the Court, Defendants filed a reply to Plaintiff's response on August 6, 2020. In their reply, Defendants assert there is no record in Plaintiff's Grievance Logs or his Cumulative Counseling Summary ("CHAMPS") indicating he submitted a grievance on November 30, 2018. Defendants note a CHAMPS entry was made on December 13, 2018, wherein the Grievance Office indicated it "received a handwritten kite from offender on 12/3/2018-returned with memo stating a proper form must be used" (*see* Doc. 56-1 at 2).

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court set Defendants' motion for a hearing. The Court first attempted to hold a motion hearing on July 30, 2020. At the hearing, Plaintiff appeared via video. Plaintiff was unresponsive; however, he proclaimed to the Court that he could not hear "anything," and indicated he would need a hearing aid. The undersigned then set this matter for a hearing on August 20, 2020, and ordered officials at Menard to make an assistive listening device available for Plaintiff. The Court received notice on August 17, 2020 that an amplified telephone would be provided for Plaintiff's use for the hearing.

At the August 20, 2020 hearing, Plaintiff was again unresponsive, but indicated he would not be able to participate despite having access to an amplified phone because he could not hear and requires a hearing aid. The Court again reset the hearing for September 9, 2020.

At the September 9, 2020 hearing, Plaintiff appeared via video and the Court arranged for

Plaintiff to have access to real-time transcription of the proceedings. Plaintiff indicated he was able to read the real-time transcription and the Court observed no issues with this method. The Court would also be remiss in failing to note that Plaintiff frequently responded to the Court or opposing counsel's questions before the questions had been transcribed. Thus, the Court questions the genuineness of Plaintiff's contention that he is unable to hear or was otherwise unable to participate in the previous hearings the Court set for this matter. Plaintiff's lack of credibility regarding his ability to hear and participate in the Court's previous hearings is not dispositive of any issue before the Court, and will not specifically be considered by the Court in its analysis; however, it does inform the Court's assessment of Plaintiff's overall credibility and authenticity.

With regard to the substance of his testimony, Plaintiff asserted he submitted one grievance relevant to the claims in this matter; however, according to Plaintiff's testimony, the relevant grievance was submitted on two occasions. The relevant grievance, dated November 30, 2018, was submitted on an institutional grievance form the same day it was written. Plaintiff testified he placed this grievance in an envelope on which he had written "emergency grievance" and put it in his door. Plaintiff indicated a gallery officer picked up this grievance. Plaintiff did not receive any response and, sometime after December 4, 2018, Plaintiff asked his counselor whether she had received his November 30, 2018 grievance. The counselor indicated she had not received the grievance. Around December 10 or 11, 2018, Plaintiff refiled his November 30, 2018 grievance on loose-leaf paper. Plaintiff did not have another grievance form and was not provided one because they do not provide grievance forms to inmates in segregation. Plaintiff received this copy of the November 30, 2018 grievance back on December 13, 2018 with a "received" stamp from the Grievance Office. Plaintiff testified that this was not a proper

response, so he again copied this grievance and sent it to the ARB for review.   Plaintiff testified he never received any response from the ARB.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).  The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).  In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).   "[A] suit filed by a prisoner before

administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by

responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the record before the Court and the arguments of the parties, the Court finds Plaintiff failed to exhaust his administrative remedies as to Defendants Dumstorff and Mills prior to filing this lawsuit.

Plaintiff asserts that his November 30, 2018 grievance exhausted his claims against Dumstorff and Mills. The Court disagrees. First, the Court does not find Plaintiff's assertion that he submitted this grievance on a grievance form on November 30, 2018 designated as an "emergency grievance" credible. There is simply nothing in the record to corroborate this finding and Plaintiff's testimony conflicts with the statement in his response that he sent this grievance to his counselor. Moreover, the Court finds Plaintiff's further attempts to exhaust this grievance insufficient. Plaintiff testified he submitted this grievance a second time sometime around December 10 or 11, 2018. Plaintiff testified he copied it on lined loose-leaf paper and submitted it as such because he was not provided a grievance form. The records demonstrate this grievance was received by the Grievance Office on December 13, 2018, and was returned that same day because it was not submitted on a grievance form. Plaintiff was advised that a proper form must be used. The Illinois Administrative Code specifically requires that grievances be submitted on a grievance form made available in all living units[1]. 20 ILCS § 504.810(a). While the Court

---

[1] This provision of the Illinois Administrative Code indicates "[a]n offender *may* file a written grievance on a grievance form that shall be made available in all living units," 20 ILCS 504.810(a) (emphasis added), however, the

acknowledges Plaintiff's contention that staff refused to provide him a form and he had none in his possession, Plaintiff's testimony is belied by the record. Notably, Plaintiff testified he initially submitted this grievance on a grievance form. Thus, Plaintiff had a grievance form in his possession on November 30, 2018. The record also demonstrates Plaintiff wrote another grievance dated December 11, 2018 on a grievance form[2] (*see* Doc. 34-1 at 7). Thus, Plaintiff clearly had grievance forms or the ability to obtain grievance forms during the relevant time. Finally, once Plaintiff was advised that he needed to submit this grievance on a proper grievance form, he was obligated to comply with that directive. It would be inapposite to find Plaintiff was thwarted in his efforts to exhaust when he willfully ignored the directives provided by the Grievance Office. *See Meeks v. Smith*, Case No. 17-cv-604-pp, 2018 WL 4100530, *2 (E.D. Wis. Aug. 28, 2018) ("An inmate also must follow whatever instructions he receives regarding the time, place and manner in which he pursues his inmate complaint.") (citing *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005) (other citations omitted). Finally, the Court finds any attempt by Plaintiff to submit this grievance to the ARB for review insufficient to exhaust his administrative remedies because he had flouted the directives of his institution and failed to submit his grievance on a grievance form.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on Exhaustion filed by Defendants Andrew Dumstorff and John Mills (Doc. 34) is **GRANTED**. Defendants Dumstorff and Mills are **DISMISSED WITHOUT PREJUDICE**.

---

Court finds that the "may" is not deferential as to whether an offender submit a grievance on a form, but rather, is deferential as to whether an offender submits a grievance at all. The Court finds this provision dictates that grievances be submitted on a grievance form.

[2] Plaintiff signed this grievance on July 19, 2018, but it appears he "backdated" it to match the date of the disciplinary report he was grieving.

Plaintiff proceeds in this action on the following claims:

> Count Six: Eighth Amendment conditions of confinement claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was denied yard, showers, legal calls, and food trays by Dumstorff and Mills before the assaults on November 30, 2018.
>
> Count Seven: Eighth Amendment failure to protect claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was being threatened by Dumstorff and Mills prior to the assault on November 30, 2018.

**IT IS SO ORDERED.**

**DATED: September 10, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**