IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRIAN DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-394-RJD |
| | ) | |
| JOHN BALDWIN and JACQUELINE | ) | |
| LASHBROOK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Reconsideration directed to Chief Judge Nancy J. Rosenstengel (Doc. 74).   For the reasons set forth below, the Motion is **DENIED**.

## Background

Plaintiff Darrian Daniels, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.   Plaintiff set forth the following claims in his Amended Complaint (Doc. 42):

Count One: Eighth Amendment excessive force claim against Defendants Dumstorff and Mills for assaulting Plaintiff on November 30, 2018.

Count Six: Eighth Amendment conditions of confinement claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was denied yard, showers, legal calls, and food trays by Dumstorff and Mills before the assaults on November 30, 2018.

Count Seven: Eighth Amendment failure to protect claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was being threatened by Dumstorff and Mills prior to the assault on November 30, 2018.

Defendants Dumstorff and Mills were dismissed without prejudice by an order of the Court dated September 10, 2020 (Doc. 71).   In the Order, the undersigned found that Plaintiff failed to exhaust his administrative remedies as to Dumstorff and Mills prior to filing this lawsuit.   In particular, the Court found the only grievance relevant to the claims against Dumstorff and Mills, dated November 30, 2018, was not properly submitted and never received a response on the merits.   In making this determination, the Court rejected Plaintiff's testimony that he attempted to submit this grievance as an emergency grievance on the date it was written due to the fact that this testimony conflicted with statements made in Plaintiff's written response.   The Court also found that Plaintiff's subsequent attempt to submit this grievance to the Grievance Officer was not sufficient because Plaintiff was notified he needed to submit his grievance on a grievance form (rather than loose-leaf paper) and he failed to do so.   The Court did not find Plaintiff's failure to follow directives justified based on other evidence in the record.

In the Order, the undersigned explained the efforts taken to hold the hearing on Defendants' motion due to Plaintiff's purported inability to hear.   Ultimately, Plaintiff appeared via video and the Court arranged for Plaintiff to have access to real-time transcription of the proceedings via a court reporter.   In the Court's Order, the undersigned indicated that Plaintiff frequently responded to the Court or opposing counsel's questions before the questions had been transcribed.   The undersigned noted that although Plaintiff's lack of credibility regarding his ability to hear informed his overall credibility, it was not dispositive of any issue and was not specifically considered in its analysis.

In the motion to reconsider, Plaintiff asserts Defendants never indicated that his institution received the November 30, 2018 grievance in their motion, but later, in their reply indicated there was a CHAMPS entry regarding this grievance on December 13, 2018 when the Grievance Officer

indicated they had received a handwritten kite from Plaintiff.   Plaintiff reiterates his argument that he was unable to submit this grievance on a grievance form and argues it should have been obvious it was a grievance and not a kite.   Plaintiff also asserts the undersigned improperly determined he was not credible at the hearing, explaining he was not reading from the court reporter's transcription, but rather, from close captioning that was made available from another unknown source that appeared to be displaying everything that was stated.   Plaintiff asserts it may have been the staff at Menard that was typing for this other source.

Defendants responded to Plaintiff's motion, asserting Plaintiff failed to show any manifest error of law or fact, or that there was newly discovered evidence that was not previously considered.

### Legal Standard

Plaintiff captions his motion as a motion for reconsideration directed to Chief Judge Nancy J. Rosenstengel.   On December 12, 2019, all parties consented to have a Magistrate Judge conduct all proceedings in this case (*see* Doc. 37).   The case was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.   The orders by the undersigned are not reviewable by other judges in this district.   Accordingly, Plaintiff's attempt to have his motion reviewed by Judge Rosenstengel is not proper.

Plaintiff has failed to cite any rule under which he brings his motion.   Based on the posture of this case and timing of the motion, the Court finds it appropriate to consider Plaintiff's motion as a motion to alter or amend judgment under both Rule 59 and Rule 60 of the Federal Rules of Civil Procedure.

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case.   *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989)

(concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment).   While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters."  *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002).   Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact.  *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).   "[M]anifest error is not demonstrated by the disappointment of the losing party.   It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).   A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase.  *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief."  FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b).  *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal.").   Relief under Rule 60(b) is an extraordinary

remedy and is only granted in exceptional circumstances.  *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

### Discussion

In the motion now before the Court, Plaintiff asks that its decision be reconsidered due to the Court's improper assessment of his credibility based on his apparent ability to hear.  The Court reiterates that this assessment was not dispositive of any issue before the Court.   The Court made its determination as to Plaintiff's testimony and lack of credibility based on other evidence that belied his testimony and contradictions in his statements.  The Court, however, properly noted this observation for it can make credibility assessments of witnesses at hearings on the issue of exhaustion.  *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011).   Indeed, the Seventh Circuit recently explained that "[h]earings often offer what paper cannot," remarking that credibility turns on assessments of hearing directly from witnesses and having "the opportunity to assess the coherence of their accounts by evaluating their demeanor, conduct, clarity, conviction, body language, and the like."  *McIntosh v. Wexford Health Sources, Inc.*, 987 F.3d 662, 666 (7th Cir. 2021).   Thus, insofar as Plaintiff asserts it was improper for the Court to make a credibility determination, he is incorrect.   Finally, the Court notes Plaintiff's attempt to explain his ability to answer questions prior to the court reporter's transcription and finds no indication there was other captioning being provided to Plaintiff and the Court was never informed of the same.

Next, Plaintiff attempts to argue Defendants made contradictory statements regarding their receipt and response to his November 30, 2018 grievance.  The Court, however, finds no contradiction.   In their motion, Defendants indicate that the Administrative Review Board ("ARB") did not receive grievances concerning the issues in this lawsuit other than a grievance dated October 30, 2019 that Plaintiff does not dispute is not relevant to his claims against

Page **5** of **6**

Dumstorff and Mills.  In their reply to Plaintiff's response, Defendants note that a CHAMPS entry was made on December 13, 2018 wherein it was noted that the Grievance Office received a kite and returned the same with a memo stating a proper form must be used.  This does not contradict Defendants' previous statement that the ARB never received any grievance dated November 30, 2018.  The Grievance Office at Menard is separate and distinct from the ARB. Moreover, the Grievance Office did not admit they received the grievance; rather, the Grievance Office returned the submission because it was not on a grievance form.

More generally, Plaintiff fails to identify any manifest error of law or fact, or any mistake, fraud, or misrepresentation that supports reconsideration of the Court's previous decision. Indeed, aside from the specific issues mentioned above, Plaintiff sets forth no new arguments or evidence to establish any grounds for reconsideration.

<u>**Conclusion**</u>

Based on the foregoing, Plaintiff's Motion to Reconsider (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 1, 2021**

_s/  Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**