IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRIAN DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-394-RJD |
| | ) | |
| JOHN BALDWIN and JACQUELINE LASHBROOK, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment on Exhaustion filed by Defendants John Baldwin and Jacqueline Lashbrook (Doc. 76). For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Darrian Daniels, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff set forth the following claims in his Amended Complaint (Doc. 42):

Count One: Eighth Amendment excessive force claim against Defendants Dumstorff and Mills for assaulting Plaintiff on November 30, 2018.

Count Six: Eighth Amendment conditions of confinement claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was denied yard, showers, legal calls, and food trays by Dumstorff and Mills before the assaults on November 30, 2018.

Count Seven: Eighth Amendment failure to protect claim against Lashbrook and Baldwin for ignoring Plaintiff's complaints that he was being threatened by Dumstorff and Mills prior to the assault on November 30, 2018.

Page **1** of **7**

On September 10, 2020, Defendants Dumstorff and Mills were dismissed without prejudice by an order of the Court finding Plaintiff failed to exhaust his administrative remedies as to these Defendants prior to filing this lawsuit (Doc.71). Thus, Plaintiff now proceeds in this action only on claims Six and Seven against Lashbrook and Baldwin.

Lashbrook and Baldwin move for summary judgment asserting Plaintiff also failed to exhaust his administrative remedies prior to filing his lawsuit against them. Lashbrook and Baldwin assert the Administrative Review Board ("ARB") only received two grievances, dated December 11, 2018 and October 30, 2019, from Plaintiff since November 2018. Defendants remark that although the October 30, 2019 grievance concerned the issues in this lawsuit, it was not timely filed. This grievance was submitted as an emergency grievance, but the warden found an emergency was not substantiated on November 1, 2019 (*see* Doc. 82 at 3). The ARB received this grievance on November 14, 2019, along with a handwritten letter from Plaintiff, and denied the same on November 19, 2019 (*see* Doc. 82 at 2). In its response, the ARB indicated that the grievance was not submitted in the timeframe outlined in Department Rule 504, noting no dates were given within the timeframe to file a grievance (*see id.*). Defendants do not set forth any argument as to Plaintiff's December 11, 2018 grievance.

In response to Defendants' motion, Plaintiff asserts the October 30, 2019 grievance does not have "anything to do with these Defendants at the time the claims arose" in his complaint. Plaintiff explains Lashbrook was not the warden and Baldwin was not the director at the time. Plaintiff argues, however, that this grievance evidences his efforts to file grievances on the issues in the complaint. Plaintiff further explains that his October 30, 2019 grievance was filed for another case, *Daniels v. Brown, et al.*

Plaintiff explains his December 11, 2018 grievance was a resubmission of a previously

filed grievance. Plaintiff asserts this was his third attempt at submitting this grievance due to his transfer to Stateville Correctional Center, and that he only modified the grievance by writing the date of December 11, 2018 at the top. Plaintiff asserts he sent this grievance directly to the ARB because his complaints occurred in Stateville, but he was currently incarcerated at Menard (*see* Doc. 82 at 8). This grievance was received by the ARB on December 14, 2018, and returned on December 17, 2018 because it was not submitted within the timeframe outlined in Department Rule 504 (*see* Doc. 82 at 7). Plaintiff asserts he never received this response from the ARB.

In response to Defendants' motion, Plaintiff states that his first properly filed grievance, dated November 30, 2018, was ignored by Menard administration and due to "unconstitutional conduct," he was made to submit a handwritten copy of this grievance on notebook paper. Plaintiff asserts he did not receive a proper response to this grievance so he moved to the next stage of administrative review and submitted a copy to the ARB. Plaintiff asserts his grievance was ignored and never returned. Plaintiff writes that his November 30, 2018 grievance was filed within 60 days of the incident and set forth as many details as possible, including specific names, dates, and facts.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary

judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief

Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the evidence in the record, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit[1].

Plaintiff addresses three grievances in his response to Defendants' motion for summary

---

[1] Based on the parties' briefing, a hearing to resolve factual disputes is not necessary. *See generally Pavey*, 544 F.3d 739.

judgment.  Plaintiff asserts his first properly filed grievance was dated November 30, 2018 and was ignored by Menard administration.  As mentioned above, the Court previously determined that Plaintiff had failed to exhaust his administrative remedies as to his claims against Dumstorff and Mills (*see* Court's Order at Doc. 71).  In making this determination, the Court held a hearing and Plaintiff testified as to his efforts to exhaust his November 30, 2018 grievance.  The Court determined that Plaintiff failed to follow the directives of the institution in exhausting the same, and further found that Plaintiff was not thwarted in his efforts (*see id.*).  Because Plaintiff has been fully heard on this issue, the Court need not hold another hearing, and adopts the reasoning set forth in its September 10, 2020 Order, finding Plaintiff did not properly exhaust his November 30, 2018 grievance.

With regard to Plaintiff's December 11, 2018 grievance, the Court finds it insufficient to exhaust the claims against Baldwin and Lashbrook.  In this grievance, Plaintiff specifically states that it is brought against Stateville Correctional Center internal affairs staff members for violating his constitutional rights.  Plaintiff complains internal affairs staff members improperly issued him a disciplinary ticket for impeding an investigation.  Although Plaintiff also indicates Director Baldwin and John and Jane Does of the administration make and enforce IDOC directives and policies that violated his constitutional rights, there is no reference to the allegations at issue in this case.  Thus, this grievance fails to exhaust any claim against Baldwin or Lashbrook.

Finally, Plaintiff concedes that his October 30, 2019 grievance has nothing to do with the claims against Lashbrook and Baldwin.  Plaintiff explains that Baldwin was not the director and Lashbrook was not the warden at the time this grievance was filed.  The Court agrees.  The Court also notes this grievance was dated October 30, 2019, well after the events at issue in this case. Finally, there was no determination of the merits of this grievance by the ARB because it was not

submitted within the proper timeframe. For these reasons, it is apparent that this grievance does not exhaust the claims in this lawsuit.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on Exhaustion filed by Defendants John Baldwin and Jacqueline Lashbrook (Doc. 76) is **GRANTED**. Defendants Baldwin and Lashbrook are **DISMISSED WITHOUT PREJUDICE**. Because no claims remain against any defendant, the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: April 2, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**